# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | | **DATE FILED:** |
| v. | : | **VIOLATION:** |
| | | **18 U.S.C. § 641 (conversion of government funds - 1 count)** |
| **LOUIS IAPALUCCI** | : | **Notice of Forfeiture** |

## I N F O R M A T I O N

### COUNT ONE

### (Conversion of Government Funds)

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Supplemental Security Income ("SSI") program, pursuant to Title 42, United States Code, Sections 1381-1383f.

2. The SSI program, which was funded through general tax revenues of the United States, provided monthly cash benefits to individuals who were age sixty-five or older, who were "disabled" and who demonstrated financial need, as determined by his or her "income" and "resources," as those terms were defined for purposes of the Social Security Act.

3. SSI payments continued until as long as the individual remained eligible and until the individual died.

4. The Social Security Administration's Representative Payee Program provided Social Security benefit payment management for beneficiaries who were incapable of managing their SSA administered payments. When a beneficiary was not able to manage their SSA payments, a person or organization was designated to manage the beneficiary's SSA benefit payments. Typically, a family member of the beneficiary served as the representative payee.

5. A woman known to defendant LOUIS IAPALUCCI, identified herein as "D.S.," received SSI benefits during her lifetime.

6. On or about January 20, 1988, defendant LOUIS IAPALUCCI was approved by the SSA to serve as the representative payee for D.S. As representative payee, defendant IAPALUCCI was charged with using the SSI benefits for the daily needs of D.S. Once accepted as the representative payee, a bank account was opened for the benefit of D.S., and the SSA sent electronic monthly transfers to this bank account. Defendant IAPALUCCI had access to the bank account to withdraw and transfer funds to be spent for the benefit of D.S.

7. As the representative payee for D.S.'s benefits, the SSA required defendant LOUIS IAPALUCCI to complete an annual Representative Payee Report certifying that the benefits funds were used for the beneficiary, and accounting for their use.

8. D.S. died on or about August 1, 1991.

9. On Representative Payee Reports dated June 18, 2008, June 24, 2009, May 29, 2010, and May 26, 2011, defendant LOUIS IAPALUCCI falsely represented to the SSA that there had been no change to D.S.'s living situation and that he spent the entirety of benefits for the care of D.S.

10. The SSA also conducted redeterminations for D.S. to be allowed to continue to receive her SSA benefits. After D.S.'s death, for redeterminations conducted on May 23, 2007, April 2, 2016, and March 23, 2017, defendant LOUIS IAPALUCCI falsely represented to the SSA that there had been no change to D.S.'s living situation and that he spent the entirety of benefits for the care of D.S.

11. Due to defendant LOUIS IAPALUCCI's concealment of the death of D.S., the SSA continued to issue SSI benefits through an electronic funds transfer to D.S.'s TD Bank account.

12. Defendant LOUIS IAPALUCCI concealed and failed to report to the SSA that D.S. was dead and that defendant IAPALUCCI had not spent the benefits on her behalf since the date of her death in 1991. Defendant IAPALUCCI improperly received and converted the benefit payments for his own use.

13. From in or about September 1991, through in or about July 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**LOUIS IAPALUCCI**

knowingly converted to his own use money of the United States in excess of $1,000, that is, approximately $203,446.40 in SSA benefits to which the defendant knew he was not entitled.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 641, set forth in this information, defendant

**LOUIS IAPALUCCI**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense; including but not limited to the sum of $203,446.40.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

*[signature]* for

**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

**LOUIS IAPALUCCI**

INFORMATION

Count
**18 U.S.C. § 641 (conversion of government funds - 1 count)
Notice of Forfeiture**

A true bill.

_____
Foreman

Filed in open court this _____ day,
of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____